IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ATLANTIC BULK CARRIER CORP.,

    Plaintiff,

v.

MILAN EXPRESS CO., INC.,

and

PAUL J. WOODS,

    Defendants.

Civil Action No. 3:10cv103

## MEMORANDUM OPINION

Before the Court is Defendant Milan Express Co., Inc.'s ("Milan") Motion for Leave to File Counterclaim. (Docket No. 12.) Plaintiff Atlantic Bulk Carrier Corporation ("ABC") has responded. (Docket No. 15.) On July 22, 2010, the Court heard oral argument. The matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 636(c), 1332, and 1441(a). For the reasons that follow, the Court will GRANT Milan's Motion for Leave to File Counterclaim.

## I. Facts Alleged

This matter arises out of a tractor-trailer accident that occurred on August 14, 2009 at approximately 12:00 a.m. on southbound Route 288 in Chesterfield County, Virginia. (Notice of Removal, Ex. A, Compl. ("Compl."), ¶¶ 5, 7.) (Docket No. 1.) Defendant Paul J. Woods, an employee of Milan, was operating Milan's tractor-trailer. (Compl. ¶ 8.) "[M]inutes before the subject accident Mr. Woods pulled Milan's tractor-trailer onto the right southbound shoulder of

U.S. Route 288 to urinate." (Compl. ¶ 9.) After relieving himself, "Woods reentered his tractor-trailer and attempted to merge from the shoulder of the highway into the right southbound lane of Route 288." (Compl. ¶ 10.)

Michael Casey was operating ABC's tractor-trailer in the right southbound lane of Route 288. (Compl. ¶ 11, 12.) Casey was traveling at a speed of 65 miles per hour as he approached Milan's vehicle on the shoulder of the highway. (Compl. ¶ 11.) As Casey approached, "suddenly and at a rate of speed of 20 miles per hour, [Milan's tractor-trailer] entered the right southbound lane of Route 288." (Compl. ¶ 12.) "Without an opportunity to take any evasive action, ABC's tractor-trailer, operated by Michael Casey, rear-ended Milan's tractor-trailer." (Compl. ¶ 13.)

## II. Procedural Background

On December 23, 2009, ABC filed a complaint in the Circuit Court for the County of Chesterfield against Woods and Milan. ABC asserts two claims against Defendants Woods and Milan. Count One alleges negligence, and Count Two alleges negligence *per se*. (Compl. ¶¶ 16-27.) On February 17, 2010, after Woods answered the complaint, Milan removed the action to the Eastern District of Virginia (*see* Docket No. 1) and filed its Answer (Docket No. 3). Milan did not assert any counterclaim against ABC.

On March 25, 2010, the parties consented to the jurisdiction of a magistrate judge and the Honorable James R. Spencer referred the matter to the undersigned Magistrate Judge. (Docket No. 8.) On March 31, 2010, the Court issued a scheduling order. (Docket No. 9.) The Court scheduled a two-day jury trial to commence on August 24, 2010. (Mar. 31, 2010 Order ¶ 1.)

During oral argument, the parties advised the Court that immediately after the accident, the parties began settlement negotiations and attempted to work together toward a resolution. After ABC filed its Complaint, the parties continued to explore alternatives to litigation, and therefore scheduled an early mediation with the Honorable Dennis W. Dohnal.

As they explored this route, the parties agreed to an extension of the pretrial deadlines. Accordingly, by Consent Order entered June 14, 2010, the Court granted the parties' joint motion for an extension of the pretrial deadlines. (June 14, 2010 Consent Order ("Consent Order").) (Docket No. 11.) The Consent Order extended ABC's deadline to file its Rule 26(a)(2)(B) disclosures to June 23, 2010;[1] extended Defendants' deadline to file Rule 26(a)(2)(B) disclosures to July 23, 2010; extended the disclosure of rebuttal experts to July 26, 2010; extended the discovery cutoff deadline to July 27, 2010; and extended the deadline to file dispositive motions to July 29, 2010. (Consent Order.)

### III. Motion for Leave to File Counterclaim

When it became clear that the focus should shift to litigation rather than alternative avenues, such as settlement, Milan filed the instant motion. During oral argument, the parties advised that, although discovery already had commenced, Milan filed its motion before either party had taken any depositions.

---

[1] The Court notes that ABC has allowed this deadline to pass without filing any expert report with the Clerk. During oral argument, both parties referred to expert testimony they intended to offer at trial.

This Court will ORDER ABC to file its expert report in compliance with this Court's scheduling order forthwith. (*See* Mar. 31, 2010 Order, ¶ 3(a).) (Docket No. 9.) Filing shall commence no later than close of business on July 26, 2010, which the Court notes is thirty days beyond the June 23, 2010 extended deadline. Any failure to file as required by the Court will risk sanctions, including the possible preclusion of proffered testimony. *See* Fed. R. Civ. P. 37(b)(2).

3

Milan proposes to assert a single claim of negligence against ABC. Milan contends that its proposed Counterclaim ("Counterclaim") arises out of the same occurrence that gives rise to ABC's Complaint. (Mem. Supp. Mot. Leave File Countercl. ("Mem. Supp."), at 1.) (Docket No. 13.) Specifically, Milan asserts that "the case boils down to the proximate cause of the" accident: ABC contends that Milan and Woods caused the accident, while Milan and Woods contend that ABC caused the accident. (Mem. Supp. 2.)

Milan contends its "Counterclaim does not introduce new legal theories or unknown facts," and that "[t]he issues to be resolved remain discrete and uncomplicated." (Mem. Supp. 3.) Milan contends that "[t]he same testimony and evidence ABC will rely upon to rebut Milan's contributory negligence argument will be used to defend the Counterclaim." (Mem. Supp. 3.) Furthermore, the parties advised the Court during oral argument that, because Milan filed its motion prior to any depositions, during a July 9, 2010 deposition ABC was able to depose Milan's corporate representative about the Counterclaim. Accordingly, Milan contends that the parties will not need to conduct additional discovery, the Court will not need to reschedule the trial, and that ABC will suffer no prejudice. (Mem. Supp. 3.) Finally, Milan contends that because its Counterclaim is compulsory, if the Court denies leave to file, Milan will lose its opportunity to seek relief for its damages. (Mem. Supp. 5.)

ABC opposes Milan's motion. (*See* ABC's Opp'n Mot. Leave File Countercl. ("Opp'n").) (Docket No. 15.) First, ABC contends Milan's motion has been unduly delayed, and that Milan has offered no explanation for its delay. (Opp'n 4-5.) ABC argues that Milan knew the facts supporting its Counterclaim well before it sought leave to amend, even as early as September or October of 2009, at the time Milan's experts conducted their inspection of the

accident scene and the tractor-trailers. (Opp'n 4-5.) At the very latest, ABC contends Milan knew the facts supporting its Counterclaim by February 16, 2010, when it removed the action to this Court. (Opp'n 5.) ABC contends that Milan has not pointed to the discovery of any new evidence to justify its delay in filing a Counterclaim (Opp'n 5), and that, even at oral argument, Milan still failed to offer any explanation for its delay.

Second, ABC contends it will suffer prejudice should the Court grant Milan's motion because ABC will have insufficient time to prepare for trial. (Opp'n 6-8.) ABC contends that, with trial approximately one month away, it will suffer prejudice in its ability to prepare its case in chief against Milan. (Opp'n 6.) ABC concedes that the underlying facts supporting Milan's Counterclaim are similar to those underlying ABC's claims, but states that "the facts establishing negligence on the part of Milan and Mr. Woods are separate and distinct from any allegations of negligence on the part of ABC." (Opp'n 6.) Moreover, during oral argument, ABC asserted that the Counterclaim will necessitate changing its trial strategy and propounding additional discovery.[2] (*See also* Opp'n 6-7.) In addition, ABC contends that it will be required to follow up on outstanding discovery. (Opp'n 6-7.)

Finally, ABC contends that Milan's Counterclaim lacks merit. (Opp'n 8-9.) ABC asserts that violation of statute constitutes negligence *per se*, and that by admitting that Woods pulled his

---

[2] Milan disputes the need for additional discovery, appending to its reply brief ABC's Rule 30(b)(6) Notice of Deposition of Milan's corporate representative, which specifically includes questions about Milan's Counterclaim of negligence against ABC, and any information regarding damages. (Reply Br. Supp. Mot. Leave File Countercl. ("Reply Br."), at 2 & Ex. A.) (Docket No. 16.) That deposition purportedly took place on July 9, 2010. (Reply Br. 2 & Ex. A.) Milan contends all documents in support of damages were provided, and all questions propounded during the deposition were answered. Milan contends that "[t]here is no more information to discover and no legitimate reason for additional discovery." (Reply Br. 3.)

vehicle onto the shoulder of the highway to relieve himself, Milan has admitted a violation of a Virginia statute. (Opp'n 8-9 (*citing* Va. Code §§ 8.01-888, 46.2-826, 46.2-877, 46.2-852; Milan's Answer).)

### IV. Analysis

#### A. Federal Rule of Civil Procedure 15(a) Governs Leave to File a Counterclaim

Federal Rule of Civil Procedure Rule 13(a) requires a party to "state as a counterclaim any claim that . . . the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). In this case, the parties do not dispute that Milan's Counterclaim arises from the same August 14, 2009 accident that gives rise to ABC's claims. Accordingly, Rule 13(a) required Milan to state its Counterclaim at the time it filed its Answer. *See* Fed. R. Civ. P. 13(a).

"Prior to December 2009, Rule 13(f) provided that a pleader could obtain leave of the court to amend the pleadings and assert a counterclaim that was omitted 'through oversight, inadvertence, or excusable neglect or if justice so requires.'" 6 Wright & Miller, *Federal Practice & Procedure* § 1430, 252 (2010) ("6 Wright & Miller"). The 2009 amendments to the Federal Rules of Civil Procedure eliminated Rule 13(f), however, "clarifying that the decision whether to allow an amendment to add an omitted counterclaim is governed exclusively by Rule 15." *Id.* Therefore, the Court must analyze Milan's motion pursuant to Rule 15(a). *See* Fed. R. Civ. P. 15(a).

Rule 15 of the Federal Rules of Civil Procedure declares that leave to amend be freely given when justice so requires. Fed. R. Civ. P. 15(a). The Supreme Court of the United States

6

has instructed courts to "heed" this mandate, holding that amendments should be freely allowed in the absence of considerations such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (stating that in exercising its discretion, the court should focus on prejudice, futility, and bad faith as the only legitimate concerns in denying leave to amend, as only these concerns truly relate to the protection of the judicial system or other litigants). "The argument for allowing amendment is especially compelling when . . . the omitted counterclaim is compulsory." *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975); *see also Chelsea House N. Apartments, LLC v. Blonder*, 223 F.R.D. 388, 391-92 (D. Md. 2004).

### B. The Court Will Grant Milan's Motion Because It Has Not Demonstrated Bad Faith or Futility, and ABC Will Not Be Prejudiced

Upon review of the parties' motions and memoranda in support thereof, and considering the liberal notice pleading standard of Rule 15(a), the Court finds that Milan should be granted leave to file its Counterclaim. Though Milan has certainly delayed in asserting its Counterclaim, "delay alone is not a sufficient reason to deny a party leave to amend its pleading." *Nat'l Bank of Wash. v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988) (*citing Davis*, 615 F.2d at 613)). Undue delay constitutes an appropriate ground to deny leave to amend under Rule 15 "[w]hen accompanied by bad faith on the part of the movant, futility of the proposed amendment, or prejudice to the non-movant." *Id.* at 328; *see also Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987); *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987).

The Court finds that Milan has not proceeded in bad faith, the proposed Counterclaim is not futile, and ABC will not suffer prejudice. First, the delay here is extensive and unexplained,[3] but no evidence before the Court suggests it is coupled with bad faith or improper purpose. Nor does ABC argue that Milan has acted in bad faith.[4] Accordingly, this factor weighs in favor of Milan.

Second, leave to amend should be denied on the ground of futility only when the proposed amendment is clearly insufficient or frivolous on its face. *Davis*, 615 F.2d at 613. A court should deny a motion to amend as futile if the amended complaint could not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (*citing Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985)). To survive a motion to dismiss, a plaintiff must state a claim that is "plausible on its face," rather than "conceivable." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

This record does not sustain a finding that Milan's proposed Counterclaim could not survive a motion to dismiss. Milan's Counterclaim states a plausible claim for relief. Therefore, under the liberal standard of Federal Rule of Civil Procedure 15(a), Milan must be given the opportunity to develop the record and conduct discovery as to all of its claims. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff *may* be a proper

---

[3] During oral argument, Milan proffered only that this litigation arose rather quickly after the accident, and that prior to filing its Counterclaim, it was attempting to gather information about its damages.

[4] ABC suggested to the Court that the lengthy, unexplained delay, coupled with the fact that Milan knew the facts giving rise to its Counterclaim months ago, suggests "borderline bad faith."

subject of relief, he ought to be afforded an opportunity to test his claim on the merits.") (emphasis added).

Finally, while this factor is closer, the Court finds that, given the time left before trial, ABC will not suffer prejudice. The party opposing amendment bears the burden of showing prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). A court evaluates the prejudicial effect of an amendment by looking at the nature of the amendment and its timing. An amendment is not prejudicial if it merely adds an additional theory of recovery to the facts already pled. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Where the defendant has notice of the events giving rise to the action at the outset, allowing an amendment under the same theory of the case does not prejudice the preparation of the defendant's case, and should be allowed. *See Davis*, 615 F.2d at 613.

Here, despite its contention to the contrary, ABC has not suffered prejudice as to timing or the nature of the amendment. The facts upon which Milan's Counterclaim are based are well known to ABC; these same facts constitute the factual contentions supporting ABC's claims against Woods and Milan. *See Island Creek Coal Co.*, 832 F.2d at 280. "The motion did not, therefore, take [ABC] by surprise or require it to investigate a claim of which it was not already cognizant." *Id.*; *see also Laber*, 438 F.3d at 427; *compare Deasy*, 833 F.2d at 41-42.

Furthermore, Milan's proposed Counterclaim, like ABC's Count One, asserts a count of negligence. Therefore, Milan does not assert a belated claim that would change the character of the litigation. *See Deasy*, 833 F.2d at 42 ("The proof required to defend against this new claim would be of an entirely different character than the proof which the defendant had been led to

9

believe would be necessary. Belated claims which change the character of litigation are not favored.").

Finally, although "[a]mendments near the time of trial may be particularly disruptive, and may therefore be subject to special scrutiny," *id.* at 41, the Court finds that ABC and Milan remain more than one month away from trial, leaving ABC sufficient time to prepare a defense of Milan's claim. In addition, Milan filed the instant motion nearly one month prior to the agreed discovery cutoff date, leaving time for discovery as to any issues arising from the proposed Counterclaim. The record shows that ABC investigated the Counterclaim during its deposition of Milan's corporate representative, and that Milan produced the documents relevant to its Counterclaim prior to that deposition, albeit with little time for ABC to review them. To the extent any further discovery need commence, the Court is willing to entertain adjustments to the discovery schedule without affecting the trial date.

## V. Conclusion

For the foregoing reasons, the Court will GRANT Milan's Motion for Leave to File Counterclaim. (Docket No. 12.) The Court will DIRECT the Clerk to file the proposed Counterclaim attached as Exhibit 1 to Milan's motion. The Court will ORDER ABC to file its Answer to Milan's Counterclaim within eleven (11) days from the date of entry hereof.

The Court will also ORDER that Milan update any previously filed discovery responses with relevant information, including as to witnesses, damages, or any other issues no later than 5:00 p.m. on Friday, July 23, 2010. *See* Fed. R. Civ. P. 26(a)(1)(D); 37(c)(1)-(2); 37(d). Given

the late date on which Milan sought leave to amend, any requests to delay supplemental discovery responses will be viewed with extreme disfavor.

An appropriate Order shall issue.

/s/ 
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 7-23-10